UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

USA for the use and benefit of
Providence Painting, Inc.,

    Plaintiff,

v.        CASE NO. 3:14-cv-367-J-20MCR

SAUER, INCORPORATED and
FEDERAL INSURANCE COMPANY,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Defendants' Motion for Sanctions ("Motion") (Doc. 61) and Memorandum of Law in Support thereof (Doc. 62). On October 9, 2015, the Court directed Plaintiff to file a response to the Motion no later than October 26, 2015. (Doc. 63.) To date, Plaintiff has not filed a response and the Motion will be deemed unopposed. For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED in part** and **DENIED without prejudice in part**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

On April 1, 2014, Plaintiff initiated this action, through counsel, for breach of contract, quantum meruit, and Miller Act payment bond. (Doc. 1.) Defendants answered the Complaint on May 29, 2014, and amended their answer on June 15, 2014. (Docs. 9, 15.) Plaintiff answered Defendants' Counterclaim on July 10, 2014. (Doc. 17.) On April 2, 2015, Defendants filed a Motion for Judgment on the Pleadings or, Alternatively, to Dismiss for Failure to Comply with the Agreed Disputes Process (Doc. 33), to which Plaintiff responded on May 11, 2015 (*see* Doc. 37). On May 13, 2015, Defendants filed a Motion for Summary Judgment. (Doc. 38.)

On June 30, 2015, the undersigned entered an Order allowing Plaintiff's counsel to withdraw from the case and directing Plaintiff to either employ new counsel or file a notice explaining why it is unable to do so, no later than July 20, 2015.[2] (Doc. 53.) The same Order cited Local Rule 2.03(e) ("A corporation may appear and be heard only through counsel admitted to practice in the Court"), and *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."). (Doc. 53 at 4.) Plaintiff was served with the Order on June 30, 2015. (Doc. 54.)

---

[2] Plaintiff's counsel's original motion to withdraw was denied without prejudice for failure to comply with the Local Rules and the Rules Regulating the Florida Bar, on June 15, 2015. (Doc. 46.)

On July 21, 2015, Plaintiff filed a motion seeking an extension of time until August 10, 2015 to employ new counsel and file a response to Defendants' Motion for Summary Judgment. (Doc. 55.) The undersigned granted the request for extension on July 23, 2015. (Doc. 56.)

On August 10, 2015, Plaintiff, through its President, filed a letter with the Court, attaching its response to Defendants' Motion for Judgment on the Pleadings. (Doc. 57.) Upon review of the letter, on August 13, 2015, the undersigned entered an Order stating in relevant part:

> [I]t appears that Plaintiff is attempting to represent itself pending the Court's ruling on the dispositive motions. However, as Plaintiff has already been advised, a corporation cannot appear *pro se* and must be represented by counsel admitted to practice in this Court. To date, Plaintiff has not complied with the Court's Orders dated June 30, 2015 and July 23, 2015 regarding legal representation. Therefore, Plaintiff will be directed to show cause in writing why sanctions, including but not limited to striking Plaintiff's filings, should not be imposed for its failure to comply with the Court's Orders.

(Doc. 58 at 2-3.) Plaintiff was advised that failure to respond to the Order on or before September 3, 2015 "may result in the imposition of sanctions without further notice." (*Id.* at 3.)

On September 3, 2015, Plaintiff, through its President, filed a letter responding to the Order to Show Cause and requesting "one additional month to find the financing to secure new counsel." (Doc. 59 at 2.) On September 4, 2015, the undersigned entered an Order directing Plaintiff to employ new counsel and have such counsel file a notice of appearance on or before October 2, 2015.

(Doc. 60.) The Order provided: "Failure to comply with this Order may result in the imposition of sanctions, including, but not limited to, striking Plaintiff's filings, and/or dismissing Plaintiff's case without further notice." (*Id.* at 2.) To date, Plaintiff has not responded to the Court's September 4, 2015 Order.

On October 7, 2015, Defendants filed the present Motion for Sanctions, asking the Court to strike Plaintiff's Complaint and dismiss this case, with all costs to be assessed against Plaintiff, for Plaintiff's violation of the Court's August 13, 2015 and September 4, 2015 Orders. (Doc. 61.) To date, Plaintiff has not filed a response to the Motion for Sanctions.

Moreover, Plaintiff has not retained new counsel to represent it in this matter. As such, Plaintiff is in violation of the Court's June 30, 2015, July 23, 2015, August 13, 2015, and September 4, 2015 Orders. Plaintiff has already been advised that a corporate entity, like Plaintiff, cannot appear *pro se* and must be represented by counsel. Plaintiff was given several opportunities to retain counsel following the withdrawal of its former attorneys. Further, Plaintiff has been warned that failure to retain counsel may result in the imposition of sanctions, such as striking Plaintiff's filings and/or dismissing this case, without further notice. Under these circumstances, the undersigned believes it is appropriate to dismiss Plaintiff's Complaint without prejudice for failure to comply with the Court's Orders regarding legal representation.

Accordingly, it is respectfully **RECOMMENDED** that the Motion (**Doc. 61**) be

**GRANTED** to the extent that Plaintiff's Complaint be **DISMISSED without prejudice**, and **DENIED without prejudice** to the extent the Motion requests that all costs be assessed against Plaintiff.[3]

**DONE AND ENTERED** at Jacksonville, Florida, on November 4, 2015.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Harvey E. Schlesinger
Senior United States District Judge

Counsel of Record

Providence Painting, Inc.
Attention: Gerald Kressner
428 Blairhill Road
Charlotte, North Carolina 28217
jerry@providencepaint.com

---

[3] Defendants may renew their request for costs by filing a properly supported motion.